```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LEONARD WATTS, | : |
|  | : Civil No. 08-757 (NLH) |
| Petitioner | : |
|  | : |
| v. | : **O P I N I O N** |
|  | : |
| UNITED STATES OF AMERICA | : |
|  | : |
| Respondent. | : |

**HILLMAN, District Judge**

This matter comes before the Court on remand from the Court of Appeals for the Third Circuit.[1]

### BACKGROUND

On January 4, 2007, Leonard Watts was sentenced by this court to a term of incarceration of 70 months for bank robbery. At step one of the sentencing process the court calculated an advisory guideline range of 57 to 71 months based on a total offense level of 23 and a Criminal History Category III. The Probation Office placed the defendant in Category III after concluding he had five points - three for a prior robbery conviction and two points for having committed the offense for which he was sentenced by this court while on supervised release.

---

[1] See Leonard Watts v. USA, Third Circuit Case No. 08-4728.

After the defendant was sentenced here, he successfully petitioned the court which had sentenced him to supervised release to vacate that sentence because the court had lacked the statutory authority to enter the extended period of supervised release.

The defendant then filed a petition in this court, under 28 U.S.C. § 2255, challenging the sentence imposed here arguing that the nunc pro tunc vacatur of his supervised release term made this court's criminal history calculation incorrect. After a hearing, this court denied the petition on November 24, 2008 holding that even though his supervised release term was later held to be invalid, the proper interpretation of U.S.S.G. § 4A1.1(d) would still allow for two additional criminal history points. The Court reasoned in part that the valid purpose of such an enhancement was to increase the criminal history score of a defendant who knowingly engages in criminal conduct while under court supervision even if the sentence is later held to be invalid. However, in issuing its decision, this court neglected to rule on the issue of a certificate of appealability which it should have done so at the time of its ruling dismissing the petition. After a remand was necessary, the court now addresses that issue.

**DISCUSSION**

Section 2253(c) provides that "an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255" unless the petitioner has identified specific issues and made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B), (c)(2), & (c)(3); Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000) (§ 2253(c) requires "that a prisoner demonstrate substantial underlying constitutional claims").

Here, the sole issue before the court in this proceeding was an interpretation of a provision in the advisory Sentencing Guidelines. A claim that a district court misapplied the sentencing guidelines in not a claim of constitutional dimension; United States v. Cepero, 224 F.3d 256, 262-64 (3d Cir. 2000) (en banc) (petitioner must show violation of rights under the Constitution; violations of federal laws, rules, and guidelines are insufficient). Therefore, no certificate of appealability shall issue. An appropriate Order accompanies this Opinion.

                                         s/Noel L. Hillman
                                         NOEL L. HILLMAN
                                         United States District Judge

Dated: February 13, 2009

At Camden, New Jersey